1 PHILLIP A. TALBERT
Acting United States Attorney
2 CHRISTINA McCALL
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5
Attorneys for Plaintiff
6 United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,                CASE NO. 2:19-CR-188-KJM

12                        Plaintiff,        PLEA AGREEMENT

13              v.                          DATE:   JULY 12, 2021
                                            TIME:   9:00 A.M.
14 DANIEL WAYNE BENNER,                     COURT:  Hon. KIMBERLY J. MUELLER

15                        Defendant.

16

17                    I.    **INTRODUCTION**

18    A.    **Scope of Agreement.**

19         The Indictment in this case charges the defendant with a violation of 18 U.S.C. § 2252(a)(2) and

20 (b)(1) – distribution of child pornography ("Count One"). This document contains the complete plea

21 agreement between the United States Attorney's Office for the Eastern District of California (the

22 "government") and the defendant regarding this case. This plea agreement is limited to the United

23 States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or

24 local prosecuting, administrative, or regulatory authorities.

25    B.    **Court Not a Party.**

26         The Court is not a party to this plea agreement. Sentencing is a matter solely within the

27 discretion of the Court, and the Court may take into consideration any and all facts and circumstances

28 concerning the criminal activities of defendant, including activities which may not have been charged in

PLEA AGREEMENT                              1

1   the Indictment.  The Court is under no obligation to accept any recommendations made by the

2   government, and the Court may in its discretion impose any sentence it deems appropriate up to and

3   including the statutory maximum stated in this plea agreement.

4        If the Court should impose any sentence up to the maximum established by the statute, the

5   defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

6   of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

7   defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

8   receive.

9                      **II.        DEFENDANT'S OBLIGATIONS**

10       **A.      Guilty Plea.**

11       The defendant will plead guilty to Count One of the Indictment, Distribution of Child

12  Pornography.  The defendant agrees that he is in fact guilty of these charges and that the facts set forth

13  in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

14       The defendant agrees that this plea agreement will be filed with the Court and become a part of

15  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

16  plea should the Court not follow the government's sentencing recommendations.

17       The defendant agrees that the statements made by him in signing this plea agreement, including

18  the factual admissions set forth in the Factual Basis for Plea attached hereto as Exhibit A, shall be

19  admissible and useable against the defendant by the United States in any subsequent criminal or civil

20  proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement.  The

21  defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these

22  rules are inconsistent with this paragraph or with this plea agreement generally.

23               1.      Remain in Custody Pending Sentencing.

24       The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. §

25  3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

26       **B.      Restitution.**

27       The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory

28  restitution to the victim(s) under 18 U.S.C. § 2259.  The defendant agrees to pay restitution to the

PLEA AGREEMENT                                    2

1  victims who submit sufficient restitution claims in the amount between $3,000 and $5,000 per victim.

2  Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope

3  of his criminal conduct, including but not limited to all matters included as relevant conduct. The

4  defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor

5  victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States

6  Code, and any minor victim of any violation of federal and/or state law committed by the defendant,

7  including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees

8  not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to

9  sentencing.

10  Defendant further agrees that he will not seek to discharge any restitution obligation or any part

11  of such obligation in any bankruptcy proceeding. Payment of restitution shall be by cashier's or

12  certified check made payable to the Clerk of the Court.

13  **C.    Fine.**

14  The parties agree that no fine is appropriate in this case, due to the defendant's inability to pay a

15  fine and the imposition of mandatory restitution and special assessments.

16  **D.    Special Assessments.**

17  The defendant agrees to pay a special assessment as ordered by the Court at the time of

18  sentencing by delivering a check or money order payable to the United States District Court to the

19  United States Probation Office immediately before the sentencing hearing. The defendant agrees that

20  this special assessment will include:

21  1. A mandatory special assessment of $100 under 18 U.S.C. § 3013; and

22  2. A mandatory special assessment of $5,000 under 18 U.S.C. § 3014 if the Court

23  determines that the defendant is a non-indigent person for purposes of 18 U.S.C. § 3014;

24  and

25  3. A discretionary special assessment of up to $35,000 under 18 U.S.C. § 2259A.

26  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to

27  earn the money to pay the assessment, if necessary by participating in the Inmate Financial

28  Responsibility Program.

PLEA AGREEMENT                          3

1  E.  **Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

2  If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

3  his plea, this plea agreement is voidable at the option of the government.  If the government elects to

4  void this plea agreement based on the defendant's violation, the government will no longer be bound by

5  its representations to the defendant concerning the limits on criminal prosecution and sentencing as set

6  forth herein.  A defendant violates the plea agreement by committing any crime or providing or

7  procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in

8  any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting

9  obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding

10  arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through

11  counsel, also constitutes a violation of the plea agreement.  If the defendant violates this plea agreement

12  in any way, the government also shall have the right (1) to prosecute the defendant on any of the counts

13  to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea

14  agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The

15  defendant shall thereafter be subject to prosecution for any federal criminal violation of which the

16  government has knowledge.  The decision to pursue any or all of these options is solely in the discretion

17  of the United States Attorney's Office.

18  By signing this plea agreement, the defendant agrees to waive any objections, motions, and

19  defenses that the defendant might have to the government's decision.  Any prosecutions that are not

20  time-barred by the applicable statute of limitations as of the date of this plea agreement may be

21  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

22  limitations between the signing of this plea agreement and the commencement of any such prosecutions.

23  The defendant agrees not to raise any objections based on the passage of time with respect to such

24  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

25  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

26  of the date of this plea agreement.  The determination of whether the defendant has violated the plea

27  agreement will be under a probable cause standard.

28  In addition, (1) all statements made by the defendant to the government or other designated law

PLEA AGREEMENT                                4

1   enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

2   whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

3   administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

4   claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, or any

5   other federal rule, that statements made by the defendant before or after this plea agreement, or any

6   leads derived therefrom, should be suppressed.  By signing this plea agreement, the defendant waives

7   any and all rights in the foregoing respects.

8       **F.      Forfeiture.**

9       The defendant agrees to forfeit to the United States voluntarily and immediately all of his right,

10  title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a).  Those assets

11  include, but are not limited to, the following:

12          1.      LG K20 phone, model LGMP260, IMEI 359461-09-554573-8.

13      The defendant agrees that the listed asset constitutes property that was used or intended to be

14  used to commit and to promote the commission of a violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

15      The defendant agrees to fully assist the government in the forfeiture of the listed asset and to take

16  whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell,

17  transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed

18  asset.

19      The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

20  administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of

21  any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a

22  claim in that forfeiture proceeding.

23      The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

24  assets, and all constitutional, legal and equitable defenses to the forfeiture of this asset in any

25  proceeding.  The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or

26  defense under the Eighth Amendment to the United States Constitution, including any claim of

27  excessive fine, to the forfeiture of the asset by the United States, the State of California or its

28  subdivisions.  The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

PLEA AGREEMENT                                    5

1 defenses or defects that may pertain to the forfeiture.

2    **G.    Asset Disclosure.**

3    The defendant agrees to make a full and complete disclosure of his assets and financial

4 condition, and will complete the United States Attorney's Office's "Authorization to Release

5 Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change

6 of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order

7 to that effect.  The defendant understands that if he fails to complete truthfully and provide the described

8 documentation to the United States Attorney's office within the allotted time, he will be considered in

9 violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E

10 above, above.

11    **III.    THE GOVERNMENT'S OBLIGATIONS**

12    **A.    Dismissals/Other Charges.**

13    The government agrees not to bring any other charges arising from the conduct outlined in the

14 Factual Basis attached hereto as Exhibit A.  The government also agrees not to reinstate any dismissed

15 count except if this plea agreement is voided as set forth in this plea agreement generally, or as

16 specifically provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of

17 Plea(s)), VI.B (Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack)

18 herein.

19    **B.    Recommendations.**

20        1.    Incarceration Range.

21    The government will recommend that the defendant be sentenced to the low end of the

22 applicable guideline range (including the application of the mandatory statutory minimum term) as

23 determined by the Court.

24        2.    Acceptance of Responsibility.

25    The government will recommend a three-level reduction (if the offense level reaches 16) in the

26 computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for

27 his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the

28 probation officer in the preparation of the pre-sentence report, being truthful and candid with the

PLEA AGREEMENT                                  6

probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.   Use of Information for Sentencing.**

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including Victim Impact Statements, and answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

**IV.   ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Distribution of Child Pornography (Adapted from Ninth Circuit Model Jury Instruction 8.184):

First, the defendant knowingly distributed a visual depiction using any means or facility of interstate commerce or in or affecting interstate commerce by any means including by computer or mail;

Second, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

**V.   MAXIMUM SENTENCE**

**A.   Maximum Penalty.**

The maximum sentence that the Court can impose is 20 years of incarceration (with a minimum

PLEA AGREEMENT

7

of five years), a fine of $250,000, a lifetime of supervised release (with a mandatory minimum 5 years of supervised release) and a special assessment of up to $40,100 (18 U.S.C. §§ 3013, 3014, 2259A). By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.      Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release for at least 5 years. The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge.

Note:  supervised release revocation is governed by 18 U.S.C. § 3583(e)(3), under which revocation is discretionary, and the maximum term of imprisonment is five years for a class A felony, three years for a class B felony, two years for a class C or D felony, and one year in any other case. Note that 18 U.S.C. § 3583(k) imposes a mandatory minimum sentence of 5 years for certain sex offenses committed by defendants while on supervised release for certain federal crimes; this provision was struck down, however, in *United States v. Haymond*, 139 S. Ct. 2369 (2019). Because of that, supervised release for child exploitation offenses may be governed by 18 U.S.C. § 3583(e)(3), under which revocation is discretionary, and the maximum term of imprisonment is five years for a class A felony, three years for a class B felony, two years for a class C or D felony, and one year in any other case. The alternative is to prove the new, qualifying sex offense to a jury as indicated above.

**VI.      SENTENCING DETERMINATION**

**A.      Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

PLEA AGREEMENT

8

Sentencing Guidelines and must take them into account when determining a final sentence.  The

defendant further understands that the Court will consider whether there is a basis for departure from the

guideline sentencing range (either above or below the guideline sentencing range) because there exists

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

   **B. Stipulations Affecting Guideline Calculation**:  The government and the defendant agree

that there is no material dispute as to the following sentencing guidelines variables and therefore

stipulate to the following:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level (2G2.2(a)(2)): | | 22 |
| 2. | Specific Offense Characteristics: | | |
| | a. | Pre-pubescent minor (2G2.2(b)(2)): | +2 |
| | b. | Knowing distribution (2G2.2(b)(3)(F)): | +2 |
| | c. | Sadistic conduct (2G2.2(b)(4)): | +4 |
| | d. | Use of a computer (2G2.2(b)(6)): | +2 |
| | e. | Over 150 images (2G2.2(b)(7)(B)): | +3 |
| 3. | Adjusted Offense Level: | | 35 |
| 4. | Acceptance of Responsibility: See paragraph III.B.2 above | | -3 |
| 5. | Total Offense Level: | | 32 |
| 6. | Criminal History: The parties have reached no agreement regarding the defendant's criminal history. | | |

The parties agree that they will not seek or argue in support of any other specific offense

characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"),

or cross-references, except that the government may move for a departure or an adjustment based on the

defendant's post-plea obstruction of justice (§3C1.1), if applicable.  The defendant reserves the right to

argue for a variance from the Guidelines range determined by the Court based on the factors set forth in

18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3) and (a)(6).  The government reserves the right to argue against

PLEA AGREEMENT                                                     9

any variance.  The defendant acknowledges that if the defendant requests or suggests in any manner a

different sentence than what is called for under the advisory guideline range as determined by the Court,

that will be considered a violation of the plea agreement. The government's remedies and remaining

obligations in this agreement shall be as outlined in paragraph II.E, above.

**VII.    WAIVERS**

A.    **Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty he is waiving the following constitutional

rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative

defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

compelled to incriminate himself.

B.    **Waiver of Appeal and Collateral Attack.**

The defendant understands that the law gives the defendant a right to appeal his guilty plea,

conviction, and sentence.  The defendant agrees as part of his plea(s), however, to give up the right to

appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

exceed [the statutory maximum(s) for the offense(s) to which he is pleading guilty] [or] [~~ months~~]. The    *CMM DHB*

defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or

legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to

which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts

attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant

specifically gives up the right to appeal any order of restitution or special assessment the Court may

impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant

PLEA AGREEMENT                                          10

understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

**C.     Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

**D.     Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States if he is not a citizen of the United States.

### E.   Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person his sex offender registration information.  Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code 290.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client.  The plea agreement

PLEA AGREEMENT                                          12

accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

plead guilty as set forth in this plea agreement.

Dated: 8/2/20 21

_____
NOA OREN
Attorney for Defendant

B.    **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

case.  No other promises or inducements have been made to me, other than those contained in this plea

agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

Finally, I am satisfied with the representation of my attorney in this case.

Dated: 8-2-21

_____
DANIEL WAYNE BENNER
Defendant

C.    **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 8-2-2021

PHILLIP A. TALBERT
Acting United States Attorney

_____
CHRISTINA McCALL
Assistant United States Attorney

PLEA AGREEMENT                                     13

EXHIBIT "A"

Factual Basis for Plea

Between July 3 and July 5, 2019, in the Eastern District of California, defendant Daniel Wayne Benner did use the internet and Kik messenger knowingly and intentionally distribute multiple visual depictions of children engaging in sexually explicit conduct to a user in Arkansas.  These visual depictions included: a color image file depicting an adult penis inserted into a pre-pubescent girl's anus; a color image of an adult penis being inserted into an infant or toddler's vagina; and a video depicting a minor girl being sexually abused by an adult male.  The defendant also used his Kik messenger account to receive child pornography files.

When agents executed a search warrant at Benner's residence on October 18, 2019, they seized his LG MP260 K20 Plus smart phone, which had Kik messenger application installed, as well as multiple other encrypted messaging applications.  Defendant had saved approximately 10 child pornography files he received from Kik messenger into an album titled "young" on his LG phone.  Analysis of that phone revealed that on October 8, 2019, defendant engaged in an "age play" chat with another user on Kik messenger and both sent and received child pornography files in the course of that chat.

I have reviewed the "Factual Basis" information above with my attorney, and agree that it is accurate.

Dated: 8-2-21                                                    _Daniel Benner_____
                                                                         DANIEL WAYNE BENNER,
                                                                         Defendant

PLEA AGREEMENT                                   A-1