HEATHER E. WILLIAMS, #122664
Federal Defender
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700
Fax: 916-498-5710
Noa_oren@fd.org

Attorney for Defendant
DANIEL WAYNE BENNER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  2:19-cr-188 KJM |
|---|---|---|
| Plaintiff, | ) | **BENNER SENTENCING MEMORANDUM** |
| vs. | ) | |
| DANIEL WAYNE BENNER, | ) | Date:   November 15, 2021<br>Time:   9:00 a.m.<br>Judge: Hon. Kimberly J. Mueller |
| Defendant. | ) | |

Mr. Daniel Benner, through counsel, respectfully requests that the Court sentence him to 60 months in prison with a term of 240 months of supervised release.

The Presentence Investigation Report (PSR) writer has presented this Court with the relevant information that it should consider with respect to the sentencing guidelines as well as the 18 U.S.C. 3553(a) factors.  Doc. 52.  For the Court's consideration and for the sake of completeness, Mr. Benner also submits Dr. Watson's full report, which the PSR references at ¶¶66-68.  *See* Exh. A – Dr. Watson Report Filed Under Seal.

 Given Mr. Benner's disabilities and horrific childhood, a sentence of 60 months is sufficient but not greater than necessary to achieve the goals of federal sentencing, especially since Mr. Benner has not served time in jail or prison before.  *See* PSR ¶45 and Exh. B - minute order reflecting the 180 day sentence referenced at ¶45 was entirely suspended.  Mr. Benner's time in Sacramento County Jail has been very difficult and eye opening.  He has been

incarcerated during the COVID pandemic, which has been anxiety provoking given his inability to be socially distanced, have adequate to PPE, and inability to control his contact with unvaccinated people.  Because Mr. Benner's time in custody has been so fraught it has had a strong impact on him.  An additional 180, 120, or even 84 months in custody is unlikely to provide Mr. Benner any greater sense of deterrence than a 60-month sentence because he understands how horrible it is to be incarcerated after more than 18 months of living in Sacramento County Jail during the COVID pandemic.

As the probation officer recognized, Mr. Benner's criminal behavior is the product of his upbringing, addiction issues, housing instability, insecurity about his ability to survive as a self-sufficient adult, combined with severe mental health issues and disability.  *See* PSR ¶¶57-58 and ¶¶65-74.  If Mr. Benner had had access to appropriate treatment, housing, and supervision, it is possible he would not be before the Court today.

Sixty months of incarceration is appropriate because Mr. Benner is truly in need of consistent ongoing counseling on multiple fronts and substantial supervision resources, as the probation officer recognizes.  PSR at p. 21.  While the BOP may provide some counseling and substance abuse treatment to Mr. Benner in custody, substantial supervision and treatment, as contemplated in the PSR is appropriate.  *Id*.  The combination of a 60-month prison term with substantial supervised release will serve to achieve the goals of protecting the public and rehabilitation as well as serving as harsh punishment for a serious offense.  Mr. Benner has not had the benefit of federal supervision, which will be the key to him remaining non-offending by helping him obtain housing, disability benefits, and treatment.

Although the offense conduct and Mr. Benner's prior are disturbing, they represent one factor of many that the Court must consider in fashioning a reasonable sentence.  Critically, the conduct and prior themselves may be the expression of Mr. Benner's disability in combination with not having enough opportunities for appropriate sexual expression.  *See* Exh. C- *5 Facts Attorneys Need to Know When Representing or Working with Citizens with Intellectual and Developmental Disabilities* at ¶5.  Given Mr. Benner's upbringing and disabilities, a variance from the very harsh sentencing guidelines is appropriate, as probation recognizes.  Mr. Benner respectfully requests that this Court sentence him to 60 months in prison and a 240-month term

1 | of supervised release.

3 | DATED: November 8, 2021              Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/ Noa E. Oren*
NOA E. OREN
Assistant Federal Defender
Attorney for DANIEL BENNER